(10 Misc. Rep. 46.)

### VESSELL v. MARX.

(City Court of New York, General Term.   October 23, 1894.)

TRIAL—DIRECTING VERDICT ON COUNTERCLAIM.
    Where plaintiff, after replying to a counterclaim, fails to prosecute the action, the court, though it may dismiss plaintiff's action for want of prosecution, cannot direct judgment in favor of defendant for the counterclaim.

Appeal from special term.

Action by Meyer Vessell against Charles Marx.   From an order dismissing the action and directing a verdict for defendant, plaintiff appeals.   Reversed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Davis & Kaufman, for appellant.

L. E. Miller, for respondent.

EHRLICH, C. J.   While the justice below had the right to dismiss the plaintiff's action for want of prosecution, he had no power to direct judgment for the amount of the counterclaim pleaded by the defendant.   The plaintiff had replied to the answer, putting the counterclaim in issue, and the defendant, by pleading a counterclaim, made himself an actor, and was bound to bring the action to trial himself, if he desired to dispose of it.   Arnal v. Rahlff, 4 Law Bul. 3.   True, the court, in the order appealed from, granted the relief stated, "unless plaintiff or his attorneys, within three days after service of this order, consent in writing that the defendant may within six days thereafter serve an amended answer, without said counterclaim, and without prejudice to bring a separate action thereon in any court of this city, and, if plaintiff so consents, then that motion be denied, without costs."   If the plaintiff had consented to this condition, all might have been well.   But the judge

could not punish a failure to consent by awarding a judgment on a contested counterclaim, the existence and amount of which were in dispute. Such disposition is unwarranted by any rule of practice. The plaintiff was entitled to his day in court on the counterclaim, and had the constitutional right to its disposition by a jury, and he has been deprived of this substantial right because he failed to comply with a condition he was under no obligation to assent to. For these reasons the order appealed from must be reversed, with costs. All concur.